JOHNNY T. CALLOWAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calloway v. Commissioner
Docket No. 9137-74.
United States Tax Court
T.C. Memo 1980-211; 1980 Tax Ct. Memo LEXIS 372; 40 T.C.M. (CCH) 495; T.C.M. (RIA) 80211; June 23, 1980, Filed *372 Otto Beatty, Jr., for the petitioner. Robert Kastl, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1973 in the amount of $6,318. The sole issue is whether petitioner had unreported income in the amounts determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Columbus, Ohio, at the time he filed his petition herein. His return for the taxable year 1973 was filed with the Internal Revenue Service at Columbus, Ohio. Respondent's determination of the deficiency was based on the following: Sources
Wages per W-2
$ 1,380
Applications
Savings account increase - deposit
1,200
Living expense (Bureau of Labor
Statistics)
4,180
Drug habit ($50 per day)
18,250
Total application of funds
$23,630
Less total sources
1,380
Understatement of adjusted
gross income
$22,250
Respondent allowed the petitioner the maximum standard deduction and one exemption. He treated the unreported income as self-employment income and *373 computed self-employment tax of $753.60 (included in the amount of the deficiency asserted) on the basis of the maximum self-employment earnings ($10,800) less $1,380 of income earned from employment. On June 25, 1974, a jeopardy assessment in the amount of $6,428.40 was made against the petitioner with respect to the taxable year 1973. During 1973, petitioner lived with one Marjorie Anderson at 2162 Myrtle Avenue, Columbus, Ohio. She was employed on a full-time basis and paid all the living expenses of that household. She also gave petitioner some money for personal expenses, the support of his children, and for some mortgage payments on a house on Gerbert Road. During 1973, petitioner paid $1,080 ($90 per month) on a mortgage on the Gerbert Road house and $420 ($35 per month) for utilities in respect of that house. He also paid $390 ($7.50 per week) for child support during that year. In 1973, petitioner received $602 in Workmen's Compensation payments and a net amount of $1,700 in settlement of a claim for personal injuries. During 1973, petitioner received $1,380 in wages from Watkins & Perry Maintenance Center, from which Federal income tax and other taxes were *374 withheld, leaving him with a net receipt of $1,104. Petitioner used drugs in 1974. In 1976, he was convicted of the felony of the sale of narcotics in October 1975. Petitioner did not have a drug habit or use drugs during 1973. OPINION The key issue in this case is whether petitioner had a drug habit in 1973 and whether we should sustain respondent's determination that this habit should be translated into unreported income (and treated as self-employment income) on the basis that petitioner expended $50 a day for 365 days, or a total of $18,250, to sustain that habit. Subsumed in this issue are questions whether respondent's determination was arbitrary and excessive so as to shift the burden of proof to him and an evidentiary question relating to the Court's refusal at the trial to admit into evidence a document, proffered by respondent, which was obtained from the files of the Columbus Police Department and appeared to contain an admission against interest by petitioner. We have found as a fact that petitioner did not have a drug habit nor use drugs during 1973. This finding is based upon the testimony of the petitioner, whom we saw and heard and whom we found to be *375 straight-forward and candid. Our evaluation of his testimony is founded upon "the ultimate task of a trier of the facts -- the distillation of truth from falsehood which is the daily grist of judicial life." See Diaz v. Commissioner,58 T.C. 560, 564 (1972). In making this evaluation, we took into account the fact that petitioner testified that he commenced using drugs in 1974 and that he was convicted of the crime of selling narcotics in 1975. [1] Respondent argues that we should take into account the failure of petitioner's counsel to ask Ms. Anderson, with whom petitioner lived during 1973, whether he had the drug habit. Although our evaluation would not have changed had we followed respondent's suggestion, it is questionable whether respondent's position is correct on this point. Ms. Anderson was equally available to respondent to furnish testimony as to petitioner's drug habit, but respondent's counsel did not seek to elicit on cross-examination any information from her on that score. Under the circumstances, the appropriate inference to be drawn, if any, is debatable. See McCormick on Evidence, pp. 657-658. (2d ed. 1972). *376 Our treatment of petitioner's testimony results in our conclusion that he has met the burden of proof which is normally on the taxpayer (Rule 142(a), Tax Court Rules of Practice and Procedure) and makes it unnecessary for us to reach the question of whether the burden of proof should have been shifted to respondent. Compare Llorente v. Commissioner, 74 T.C.     (May 13, 1980), with Jackson v. Commissioner, 73 T.C. 394 (1979). Similarly, although we are satisfied that our action in excluding the document from the Columbus Police Department was correct, the fact of the matter is that the information contained therein would also not have changed our evaluation. That document was purportedly a recorded history of an interview by a Columbus Police officer with petitioner on June 24, 1974, in which petitioner stated that he "has had jones [a narcotics habit] for two years." [2]
*377 In sum, we conclude that petitioner should not be charged with any income from respondent's application of funds based on a drug habit in 1973. See footnote 1, supra. As far as the amount of unreported income in respect of living expenses is concerned, we think petitioner has carried his burden of proof that he had funds available for this purpose, most of which were non-taxable. These consisted of the following: Net amount of earnings received
per W-2 and reported by
petitioner
$1,104.30
Workmen's Compensation (non-
taxable under section
104(a)(1))
602.00
Personal injury recovery (non-
taxable under section
104(a)(2))
1,700.00
$3,406.30
Less payments by petitioner: Mortgage $1,080
Utilities 420
Child support 390
1,890.00
$1,516.30
In addition, petitioner received funds for his living expenses from, and was supported by, Ms. Anderson, whom we also found to be a credible witness. We are satisfied that the excess funds which petitioner had in his own right ($3,406.30 less $1,516.30, or $1,890), which, together with what Ms. Anderson supplied (Also non-taxable to petitioner), accounts for at least as much as $4,180 of living expenses *378 which respondent determined, based on Bureau of Labor Statistics figures, that petitioner would have required (see Giddio v. Commissioner, 54 T.C. 1530 (1970)). Petitioner thus should not be charged with any income from respondent's application of funds as to this item. [3]
There remains the increase of $1,200 in petitioner's savings account shown in the deficiency notice. The record is devoid of any evidence whatsoever on this score, and, accordingly, we sustain respondent's determination that this amount constitutes unreported self-employment income to petitioner. To reflect our conclusions, Decision will be entered under Rule 155. Footnotes
1. We emphasize that only the taxable year 1973 is before us and express no opinion as to what our conclusion would have been had a subsequent year been involved.↩
2. The police officer testified that he had no recollection of the interview or of arresting the petitioner and that the document in question did not refresh his recollection. The Internal Revenue Agent who obtained the document (which was a xerox copy) testified that he did not make it himself, but obtained it from someone in the columbus Police Department and that he neither saw the original nor witnessed the copy being made. Respondent's counsel admitted that he had made no effort to determine whether the original was availale. See Fed. R. Evid. 1005↩.
3. Any amounts which Ms. Anderson gave to petitioner for payments on the mortgage or for child support would simply increase the funds which petitioner had directly available for living expenses and, consequently, would not affect out conclusion.↩